## AFFIDAVIT

Eric Brimo, being duly sworn, deposes and states:

1.     I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since 2016. Prior to working for ATF, I was a Special Agent with the U.S. Department of State, Diplomatic Security Service, since 2010. I am familiar with federal laws relating to firearms and controlled substances, have been trained in the investigation of violations of said laws, and have participated in such investigations. During my law enforcement career, I have worked on numerous investigations involving unlawful firearm possession. I am also familiar with federal laws regarding unlawful firearm possession by prohibited persons and have worked several investigations involving prohibited persons using firearms.

2.     I am aware of facts that give me probable cause to believe that Eric Grenier possessed firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). This affidavit is based upon my training and experience as well as the investigation of various law enforcement officers.  More specifically, I know the information contained within this affidavit comes from information provided from the Brandon Police Department (BPD) and my own involvement in the investigation.  Because this affidavit is submitted for the

1

limited purpose of establishing probable cause, I have not set forth each and every fact learned by law enforcement during the course of the investigation. Where I describe a statement, it is described in substance, not verbatim.

3.    On August 10, 2021, I was contacted by BPD Chief of Police Christopher Brickell, who said that he and members of BPD had received information that Grenier was unlawfully in possession of firearms at his residence, located at 818 High Pond Road in Brandon.  Chief Brickell said that in late July 2021, BPD received information from several neighbors that Grenier was in possession of firearms.  Specifically, Chief Brickell stated that BPD was investigating an alleged altercation in which Grenier reportedly displayed a handgun while threatening a neighbor.

4.    Chief Brickell advised that upon further investigation, BPD officer Michael VonSchleusingen applied for, and was granted, a State of Vermont search warrant for Grenier's residence to locate the handgun that was reportedly displayed in the altercation.  Chief Brickell requested ATF assistance with the search due to the reported presence of firearms.

5.    On August 13, 2021, ATF Special Agent Ben Cohen and I responded to BPD to assist with the search of Grenier's house. BPD contacted Grenier and asked him to come to the department to

discuss the reported altercation.  Grenier went to BPD where he
was then detained.  Personnel then travelled to his residence
and secured the premises for the search warrant.

6.    Upon executing the search warrant, law enforcement
encountered two juveniles, who were asked to wait outside while
the search was completed.  Once secured, SA Cohen and I began
assisting BPD with the search.  Inside, SA Cohen and I located a
locked room towards the rear.  BPD forced open the door, which
led to be a bedroom that appeared to be used by Grenier and his
wife.  Immediately upon opening the door, I observed a black
rifle on the far side of the bedroom against the wall near
several items of male clothing.  The rifle was later identified
as a DPMS Panther Arms Model LR-308 .308 caliber rifle with
serial number FFK006958.  Also, against the wall was a
Winchester XPR 7mm rifle with serial number WIPT07923YM357.

7.    Investigators continued searching the bedroom and
located two revolvers in a drawer in a standup cabinet: a Smith
& Wesson Model 6291 .44 magnum revolver with serial number
N894721 and a Ruger Model Single Six .22 caliber revolver with
serial number 549954.  Several calibers of assorted ammunition
were also located in the cabinet. In the same drawer,
investigators located a prescription bottle that held loose
change with a label for "Eric Grenier" and a magazine addressed

to "Eric Grenier".  SA Cohen and I then secured the firearms and ammunition and transported them from the residence.

8.   ATF Special Agent John McKee, a designated ATF interstate nexus expert, reviewed the firearm information from the search.  SA McKee advised that the four firearms recovered in the search were all manufactured outside the State of Vermont, and by their presence in the State of Vermont, must have travelled across state lines, impacting interstate commerce.

9.   Grenier is prohibited from possessing any firearms because he has been convicted multiple times in Vermont for crimes punishable by imprisonment for a term exceeding one year. According to his official criminal history and other court documents I have seen, these convictions include:

a) a 2000 conviction for burglary, for which Grenier was sentenced to prison for 1-6 years;

b)  a 2011 conviction for cultivating marijuana, for which Grenier was sentenced to prison for 1-5 years.  All but 60 days of that sentence was suspended;

c)  a 2012 conviction for burglary, for which Grenier received a sentence of 2-7 years' imprisonment.  All but 30 days of that sentence was suspended.

10.   Because Grenier has actually served a sentence in prison that was longer than one year, there is probable cause to believe that he knew he had been convicted of a crime punishable by imprisonment for more than one year.  Furthermore, Chief Brickell told me that when he met with Grenier at BPD shortly before the search, Grenier denied that there were firearms in his house.  Grenier told Chief Brickell that he could not possess firearms because he was a felon.

Dated at Burlington, in the District of Vermont, this _14th_ day of August, 2021.


_____
ERIC BRIMO
Special Agent, ATF


Sworn to and subscribed before me this ___14th___ day of August, 2021.


_____
KEVIN J. DOYLE
U.S. Magistrate Judge